UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
:
Christopher Shaffer, Richmond Pizza, Inc., :
Al's Hylan Pizza, Inc., Chris Amboy Pizza, Inc., :
Alexandre Poliakov, and Sell More Pizza, Inc., :
: **SUMMARY ORDER**
Plaintiffs/Counterclaim Defendants, :
: **NOT FOR PUBLICATION**
-against- :
:
Domino's Pizza, Inc., : 02-CV-3898 (DLI)(VVP)
: 02-CV-5028 (DLI)(VVP)
Defendant/Counterclaim Plaintiff. :
---------------------------------------------------------------x
:
Domino's Pizza, Inc., :
:
Plaintiff, :
:
-against- :
:
Romani Shenoda, Pizza Ria, Inc., Christopher :
Shaffer, Richmond Pizza, Inc., Al's Hylan Pizza, :
Inc., Chris Amboy Pizza, Inc., Alexandre Poliakov, :
and Sell More Pizza, Inc., :
:
Defendants, :
---------------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

The present disputes arose when Domino's Pizza, Inc. ("Domino's") terminated its franchise agreements with four pizza stores in Staten Island: Richmond Pizza, Inc., Al's Hylan Pizza, Inc., Chris Amboy Pizza, Inc., and Sell More Pizza, Inc. The first three corporations are owned and controlled by Christopher Shaffer, and the last corporation is owned and controlled by Alexandre Poliakov. The stores were terminated based on operational problems and failure to maintain proper

1

insurance coverage. Shaffer and Poliakov, along with the corporate plaintiff pizza stores, filed a complaint under Docket No. 02-cv-3898 (the "First Action"), claiming breach of contract, fraud, breach of implied covenant of good faith and fair dealing, loss of business opportunities, and violation of N.Y. General Business Law Article 33. In the case assigned Docket No. 02-cv-5028 (the "Second Action"), Domino's filed suit against Shaffer, Poliakov, and others to avoid fraudulent conveyance of the secret sales of the stores by the former franchises (in violation of Domino's right of first refusal) during the pendency of the First Action. On September 26, 2002, case 02-cv-5028 was consolidated into 02-cv-3898, the lead case under which all documents are now filed. Because of settlements entered between Domino's and Poliakov, Romani Shenoda, and Pizza Ria, Inc., and a default judgment entered against Sell More Pizza, Inc., the only remaining parties in both actions, besides Domino's, are Shaffer and his three pizza stores: Richmond Pizza, Inc., Al's Hylan Pizza, Inc., and Chris Amboy Pizza, Inc. (hereinafter the "Shaffer Parties").

The court presently considers summary judgment motions filed by Domino's. In the First Action, Domino's moves for summary judgment (1) for declaratory judgment that Domino's terminations of the three franchise agreements (with the stores remaining as parties) were proper, (2) for dismissal of the claims remaining in the complaint, and (3) for recovery of attorney's fees as set forth in Domino's Twelfth Counterclaim. In the Second Action, Domino's seeks summary judgment on its claim against the Shaffer Parties for recovery of attorney's fees as set forth in the Fifteenth Claim of Domino's Second Amended Complaint.

At the outset, the court notes that the Shaffer Parties did not submit a Statement of Material Facts as required by Local Civil Rule 56.1. The facts in Domino's Statement of Material Facts—which catalogue the Shaffer Parties' violations of the franchise agreements, notices sent by

2

Domino's regarding default, and the Shaffer Parties' failure to cure any of the violations—are thus deemed admitted.

**Summary Judgment Standard**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The court must view all facts in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970)). The nonmoving party "may not rest upon . . . mere allegations or denials" when opposing summary judgment but " must set forth specific facts showing that there is a genuine issue for trial. If the [nonmoving] party does not so respond, summary judgment, if appropriate, shall be entered against the [nonmoving] party." FED. R. CIV. P. 56(e).

**The First Action**

(1) The court grants summary judgment on Domino's counterclaim for declaratory judgment that terminations of the three franchise agreements involving the Shaffer Parties were proper. The facts and legal standards addressing this issue were fully presented and analyzed by Magistrate Judge Pohorelsky in his decision, dated August 21, 2002, denying preliminary injunctive relief to the plaintiffs in the First Action. (*See* Docket Entry #16 in 02-cv-3898, hereinafter "Pohorelsky M&O.") In the interests of judicial economy, the court does not

repeat them herein. The Shaffer Parties argue that a question of fact exists because Frank Costa, Executive Vice President for the firm that administered their insurance coverage, testified at his deposition and the preliminary injunction hearing that insurance coverage was in place on June 21, 2002. However, Magistrate Judge Pohorelsky found that this position was "uncorroborated by any certificates of insurance and [] in direct conflict with the statements made by others at his agency during late June and early July." (Pohoreslky M&O at 15.) The Shaffer Parties have not submitted any further information indicating otherwise. The Shaffer Parties' "[c]onclusory allegations, conjecture, and speculation . . . are insufficient to create a genuine issue of fact." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998).

(2) Besides arguing that Domino's breached their franchise agreements, the Shaffer Parties do not respond to Domino's motion for summary judgment on the remaining claims in the complaint: fraud, breach of implied covenant of good faith and fair dealing, loss of business opportunities, and violation of N.Y. General Business Law Article 33. Magistrate Judge Pohorelsky addressed these claims in the Shaffer Parties' motion for a preliminary injunction and found them to be without merit. As no new convincing evidence or argument shows why summary judgment should not be granted on these claims, the court adopts Magistrate Judge Pohorelsky's reasoning when he denied the preliminary injunction on these claims and grants Domino's motion for summary judgment. Summary judgment is also granted as to the breach of contract claim, as the court has already found that Domino's terminations of the franchise agreements proper. Domino's motion for summary judgment is granted on the

4

Shaffer Parties' last two claims, for punitive damages and injunctive relief, as the Shaffer Parties have not sustained any of the substantive claims in the complaint.

**Attorney's Fees (First and Second Actions)**

Domino's requests for attorney's fees in the First and Second Actions are based on the same provisions in the franchise agreements, which provide as follows:

> **22.2 Cost of Enforcement.** If we institute any legal or equitable action against you to secure or protect our rights under or to enforce the terms of this Agreement, in addition to any judgment entered in our favor, we shall be entitled to recover such reasonable attorney's fees as we may have incurred together with court costs and expenses of litigation.
>
> **22.3 Indemnification.** If . . . Domino's Pizza, Inc., . . . or any of their subsidiary or affiliated companies or any of their agents or employees are subjected to any claim, demand or penalty or become a party to any suit or other judicial or administrative proceeding by reason of any claimed act or omission by you . . . or by reason of an omission with respect to the business or operation of the Store . . . you shall indemnify and hold . . . Domino's . . . harmless against all judgments, settlements, penalties, and expenses, including attorney's fees, court costs and other expenses of litigation or administrative proceeding, incurred by or imposed on . . . Domino's . . . in connection with the investigation or defense relating to such claim or litigation or administrative proceeding. Your indemnification obligations described above will continue in full force and effect after, and notwithstanding, the expiration or termination of this Agreement.

(Domino's Ex. 10 at 27–28; *see also* Domino's Exs. 16, 23.) The Shaffer Parties make no contention with regard to these provisions or Domino's request for attorney's fees as described above. As the plain meaning of these provisions shows that Domino's is entitled to recover attorney's fees, summary judgment is granted on the issue of attorney's fees and costs.

**Conclusion**

      Domino's motion for summary judgment is granted as to declaratory relief that the terminations of the franchise agreements were proper and as to all remaining claims in the First Action (02-cv-3898). Domino's motion for attorney's fees and costs in the First and Second Actions is granted and is referred for calculation to Magistrate Judge Pohorelsky.

SO ORDERED.

DATED:    Brooklyn, New York
             February 15, 2006

                                                        /s/
                                                DORA L. IRIZARRY
                                         United States District Judge